UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-408 (DWF/SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br>v.<br><br>VICTOR STANLEY WILCOX,<br><br>DEFENDANT. | MOTION FOR PRELIMINARY ORDER OF FORFEITURE |

The United States of America, by and through Rachel K. Paulose, United States Attorney for the District of Minnesota, and James S. Alexander, Assistant United States Attorney, respectfully moves this Court, pursuant to Title 18, United States Code, Section 982(a)(1) and Fed.R.Crim.P. 32.2(e) for a Preliminary Order of Forfeiture in the above-captioned case and in support thereof represents to the Court the following:

1. On June 9, 2003, a federal grand jury sitting in the District of Minnesota returned a Superseding Indictment against Defendant Victor Stanley Wilcox. The First Superseding Indictment charged the defendant with conspiracy, mail fraud and money laundering arising out of an advanced fee loan scheme. The Indictment alleged that the defendant and companies under his control purported to market Visa and Mastercard credit cards in the classified advertising sections of newspapers and periodicals circulated throughout the United States for a fee ranging from $49 to $129, but had no power or

authority to deliver a credit card of any kind. Defendant's advance fee loan business generally charged a monthly fee for a "membership" ranging from $9.00 to $19.00. Defendant provided his telemarketers with a script which misled people calling in response to defendant's adds that they would receive a credit card if they paid the defendant a fee.

2. The Forfeiture Allegations of the Indictment sought forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), and Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c).

3. On July 2, 3003, the United States and the defendant entered into a Plea Agreement, whereby the defendant agreed to plead guilty to Count 11 of the First Superseding Indictment, charging him with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Defendant Wilcox admitted that from May of 1998 through October 17, 2000, he devised a scheme and artifice to defraud that involved representing to individuals that, in return for an advance fee, he could "prequalify" them to receive a Visa or Mastercard, regardless of their credit history, when he had no power or authority to prequalify anyone to receive a credit card. Plea Agreement

and Sentencing Stipulations ¶1.

The defendant further admitted that from approximately May 4, 1999 through approximately June 9, 2000, he conspired with two of his codefendants to engage in financial transactions affecting interstate commerce with the proceeds of the fraud described in the preceding paragraph, each of which financial transactions was designed to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of such fraud, and knowing that the monies involved in each transaction represented the proceeds of unlawful activity. The defendant admitted that the conspiracy to commit money laundering violated 18 U.S.C. § 1956(h). *Id.*

4. On January 28, 2004, this Court entered a Preliminary Order of Forfeiture. The order imposed a personal money judgment forfeiture in the amount of $1,985,832.00 against Defendant Victor Wilcox. The Order further provided that this Court "will retain jurisdiction to review and decide any motions by the United States for substitution of assets and to enter any other appropriate orders."

5. On January 30, 2004, a criminal Judgment was entered against the defendant.

6. Rule 32.2(e) of the Federal Rules of Criminal Procedure provides that:

> (1) In General. On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> > (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or
> >
> > (B) is substitute property that qualifies for forfeiture under an applicable statute.
>
> (2) Procedure. If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:
>
> > (A) enter an order forfeiting that property, or amend an existing preliminary or final order to include it; and
> >
> > (B) if a third party files a petition claiming an interest in the property, conduct an ancillary proceeding under Rule 32.2(c).

7. The United States has identified a bank account containing approximately $4,300 which is alleged and believed to be subject to forfeiture to the United States. Defendant Lee Sumner Churchill pled guilty to a misdemeanor information in connection with the scheme involving defendant Wilcox. *See* Docket No. 142; Affidavit of Jacqueline Tschida ("Tschida

Aff.") ¶5. On July 30, 2003, Lee Churchill attended a proffer session at the United States Attorney's Office at which he stated that he was a conduit for Mr. Wilcox's stolen money. Mr. Churchill opened bank accounts for Mr. Wilcox using Churchill's name, Social Security Number (SSN), and address to conceal the true nature of the ownership of these bank accounts. *Id.*

8. Specifically, Lee Churchill opened Wells Fargo Bank {F/K/A Norwest Bank} account number XXX-XXXXXXX for Mr. Wilcox. The account was opened on December 20, 1999 at the Hudson, Wisconsin branch. The name on the account was Lee Churchill D/B/A Credit Approval Services. The SSN used to open the account belonged to Lee Churchill. Tschida Aff. ¶6.

9. The bank records for Wells Fargo account number XXX-XXXXXXX have been analyzed by the IRS. Tschida Aff. ¶7. The majority (81%) of the deposits into this account were automated clearing house (ACH) deposits, which represent customer credit card transactions from Mr. Wilcox's advanced fee scheme. *Id.* The other deposits into the account consist of transfers from other bank accounts under Mr. Wilcox's control. Of the $1,175,769 deposits made in the year 2000, $946,616 represents proceeds from ACH Deposits. Based on an

examination of the bank records associated with the businesses charged in the First Superseding Indictment, defendant Wilcox always withdrew fees and/or monthly membership charges directly from victims' accounts electronically via ACH transfers. *Id.*

10. The Wells Bank account number XXX-XXXXXXX was closed on September 30, 2000. Tschida Aff. ¶8. This account was previously restrained by a court order obtained by the Federal Trade Commission (FTC). Tschida Aff. ¶9. However, the FTC's action was settled in April of 2001. The asset freeze in the case, including the court-ordered restraint of Wells Fargo account number XXX-XXXXXXX, was terminated at that time. *See* Tschida Aff. ¶9 and attached documents (correspondence dated February 5, 2007 from James E. Elliott, Federal Trade Commission).

11. Based upon the above, the United States seeks the entry of a preliminary order of forfeiture pursuant to 18 U.S.C. § 982(a)(1) forfeiting the remaining balance of Wells Bank account number XXX-XXXXXXX to the United States in partial satisfaction of the personal money judgment forfeiture previously entered against defendant Wilcox. The current balance of the account is believed to be approximately $4,300.

Tschida Aff. ¶10.

12. Section 853(n)(1) of Title 21, incorporated by reference in 18 U.S.C. § 982(b)(1), provides that, following the entry of an order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the property.

13. Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the property can obtain a judicial determination of the validity of the legal claims or interests they assert.

14. Pursuant to Section 853(n)(7), following the disposition of all third party petitions or, if no such petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

WHEREFORE, the United States moves this Court for a Preliminary Order of Forfeiture forfeiting Wells Bank account number XXX-XXXXXXX to the United States.

Respectfully submitted,

Dated: August 16, 2007

RACHEL K. PAULOSE
United States Attorney

s/ James S. Alexander

BY: JAMES S. ALEXANDER
Assistant U.S. Attorney
Attorney I.D. No. 166145
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600