UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-408 (DWF/SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA, PLAINTIFF, | **REDACTED** |
| v. | MOTION FOR FINAL ORDER OF FORFEITURE |
| VICTOR STANLEY WILCOX, DEFENDANT. | |

The United States of America, by and through Frank J. Magill, Jr., United States Attorney for the District of Minnesota, and James S. Alexander, Assistant United States Attorney, respectfully moves this Court for a Final Order of Forfeiture in the above-captioned case and in support thereof represents to the Court the following:

1. On June 9, 2003, a federal grand jury sitting in the District of Minnesota returned a Superseding Indictment against Defendant Victor Stanley Wilcox. The First Superseding Indictment charged the defendant with conspiracy, mail fraud and money laundering arising out of an advanced fee loan scheme. The Indictment alleged that the defendant and companies under his control purported to market Visa and Mastercard credit cards in the classified advertising sections of newspapers and periodicals circulated throughout the United States for a fee ranging from $49 to $129, but had no power or

authority to deliver a credit card of any kind. Defendant's advance fee loan business generally charged a monthly fee for a "membership" ranging from $9.00 to $19.00. Defendant provided his telemarketers with a script which misled people calling in response to defendant's adds that they would receive a credit card if they paid the defendant a fee.

2. The Forfeiture Allegations of the Indictment sought forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), and Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c).

3. On July 2, 3003, the United States and the defendant entered into a Plea Agreement, whereby the defendant agreed to plead guilty to Count 11 of the First Superseding Indictment, charging him with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

4. On January 28, 2004, this Court entered a Preliminary Order of Forfeiture. The order imposed a personal money judgment forfeiture in the amount of $1,985,832.00 against Defendant Victor Wilcox. The Order further provided that this Court "will retain jurisdiction to review and decide any motions by the United States for substitution of assets and to enter any other appropriate orders."

5. On January 30, 2004, a criminal Judgment was entered against the defendant.

6. The United States subsequently identified a bank account containing approximately $4,300 which is alleged and believed to be subject to forfeiture to the United States. As set forth in the Motion For Preliminary Order of Forfeiture filed on August 16, 2007, the account was opened by Lee Churchill for defendant Wilcox. The account was opened on December 20, 1999 at the Hudson, Wisconsin branch. The name on the account was Lee Churchill D/B/A Credit Approval Services. The basis for seeking the forfeiture of this account was further explained in the Affidavit of Jacqueline Tschida filed with the government's motion seeking a preliminary order of forfeiture as to this account.

7. On August 17, 2007, this Court entered a Preliminary Order of Forfeiture forfeiting to the United States pursuant to 18 U.S.C. § 982(a)(1) all funds contained in Wells Fargo account number XXXX2763.

8. Pursuant to Section 853(n) of Title 21, as incorporated by 18 U.S.C. § 982(b)(1), third parties asserting a legal interest in the funds contained in Wells Fargo account number XXXX2763 are entitled to a judicial determination of the validity of the legal claims or interests they assert.

9. The United States published notice of the Court's Preliminary Order of Forfeiture in *Finance and Commerce*, Minneapolis, Minnesota, a newspaper of general circulation in the District of Minnesota, on October 25, November 1, and November 8, 2007. *See* Docket No. 188 (Affidavit of Publication). Said published notice advised all unknown interested third parties of their right to petition the court within thirty (30) days of the publication date for a hearing to adjudicate the validity of their alleged legal interest in any and all funds in Wells Fargo account number XXXX2763.

10. On October 22, 2007, the United States also served a copy of the Preliminary Order of Forfeiture and a Notice of Forfeiture by certified mail on Lee Churchill, return receipt requested. The return receipt was signed by Lee Churchill, and returned to the U.S. Attorney's Office. The Notice of Forfeiture provided notice of the procedure for filing a third-party claim to the seized funds pursuant to 21 U.S.C. § 853(n).

11. No third party has made any claim to or declared any interest in the funds seized from Wells Fargo account number XXXX2763 and the time for filing a petition has expired.

12. Pursuant to Section 853(n) of Title 21, as incorporated by Title 18 U.S.C. § 982(b)(1), following the disposition of all third party petitions, or following the expiration of the time period provided by law for filing such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

WHEREFORE, the United States moves this Court for a Final Order of Forfeiture vesting full right, title and interest in any and all funds seized from Wells Fargo account number XXXX2763 in the United States, and declaring said funds forfeited to the United States for disposition in accordance with law.

Respectfully submitted,

Dated: February 5, 2008

FRANK J. MAGILL, JR.
Acting United States Attorney

s/ James S. Alexander
BY: JAMES S. ALEXANDER
Assistant U.S. Attorney
Attorney I.D. No. 166145
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600